# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| Timothy Lee Creed, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:06CV00397 |
| | ) | |
| Dan Wilson, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Timothy Lee Creed, has submitted a pro se complaint under 42 U.S.C. § 1983 and requested that he be permitted to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Plaintiff names as defendants Dan Wilson, a detective of the Aberdeen Police Department, James L. Herring, a state court magistrate, and two state prosecutors, Alan W. Greene and Warren McSweeney. Plaintiff claims that Detective Wilson presented false testimony to a grand jury as late as September 15, 2003. (Complaint at 11.) He claims that Magistrate Herring placed an unlawful bond on him. (Id. at 12.) Finally, plaintiff claims that the prosecutors improperly charged him in an indictment with a felony. (Id. at 13.) Plaintiff seeks as relief money damages, that Officer Wilson's "right to work under color of law" be revoked, and that the court revoke the prosecutors' right to work under color of law and/or the right to practice law. (Id. at form p. 4 & continuation page.)

Plaintiff claims that he was indicted for obtaining property by false pretenses and for being an habitual felon. (Complaint at 10.) He states that the presiding judge dismissed all charges. (Id.)

Plaintiff seeks to proceed as a pauper. Therefore, the court must examine the complaint to see whether it fails to state a claim upon which relief may be granted, seeks monetary relief from a defendant who is immune from such relief, or is frivolous or malicious. 28 U.S.C. § 1915A. For frivolous or malicious review, the court looks to see whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A plaintiff fails to state a claim when it appears certain that plaintiff cannot prove any set of facts which would entitle him or her to relief. The court must accept all well-pled allegations and review the complaint in a light most favorable to plaintiff. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Facts must be alleged with specificity. White v. White, 886 F.2d 721 (4th Cir. 1989). The court may anticipate affirmative defenses which are clear on the face of the complaint. Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 954 (4th Cir. 1995) (en banc) (court may apply common sense and reject fantastic allegations and/or rebut them with judicially noticed facts). The court may dismiss a complaint under 28 U.S.C. § 1915A even though plaintiff has not exhausted state administrative remedies.

Plaintiff names as a defendant the state court magistrate who set his bond on the criminal charges. Judges have absolute immunity for their judicial actions. Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Magistrates have judicial immunity for actions taken in their judicial capacity such as setting bonds. Pressly v. Gregory, 831 F.2d 514 (4th Cir. 1987). Plaintiff also names the two prosecutors as defendants, but they have absolute immunity for their participation in the judicial process. Buckley v. Fitzsimmons, 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993); see Lyles v. Sparks, 79 F.3d 372 (4th Cir. 1996) (prosecutor's decision of whether and when to prosecute is protected by absolute immunity).

Plaintiff does request injunctive relief against the prosecutors, relief which may not be barred by such immunity, but he has not requested a proper injunction. Plaintiff has asked for the court to order that the prosecutors not be allowed to work under color of law. Plaintiff's request is not narrowly drawn to protect against only the harm alleged here. Accordingly, this request for injunctive relief is impermissibly broad. Plaintiff's request for injunctive relief should also be dismissed.

Plaintiff therefore is not entitled to proceed as a pauper against Magistrate Herring or prosecutors Greene and McSweeney. Officer Wilson should be the only remaining defendant.

Plaintiff has submitted a complaint for filing, however, and, notwithstanding the above determination, Section 1915(b)(1) requires that an initial payment of $24.63 be made.

Plaintiff must also agree that his funds be withheld until the full filing fee is paid. Failure to comply with this Order will lead to dismissal of the complaint.

**IT IS THEREFORE ORDERED** that in forma pauperis status be granted.

**IT IS FURTHER ORDERED** that within twenty (20) days from the date of this Order plaintiff make an initial filing fee payment of $24.63 and return the Consent to Collection form. Failure to comply with this Order will lead to dismissal of the complaint.

**IT IS RECOMMENDED** that defendants Herring, Greene and McSweeney be dismissed as defendants pursuant to 28 U.S.C. § 1915A because the claims against them fail to state a claim upon which relief may be granted, and seek monetary relief against a defendant who is immune from such relief.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: May 11, 2006